IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-461-RMR-KLM

RUSSELL STRONG,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipal entity;
ADAM BOLTON, an individual,

    Defendants.

_____

**DEFENDANT CITY AND COUNTY OF DENVER'S
MOTION FOR CLARIFCATION**
_____

Defendant The City and County of Denver, by and through its counsel, Andrew D. Ringel, Esq. and Mark S. Ratner, Esq., of Hall & Evans, L.L.C., respectfully submits this Motion for Clarification, as follows:

**CERTIFICATE OF CONFERRAL**

Defendant has conferred with counsel for Plaintiff regarding the issue of this Motion and was informed Plaintiff believes the Scheduling Order controls this issue rather than this Court's Standing Order regarding Motions for Summary Judgment, issued and effective December 1, 2022. Defendant believes the filing of a Motion for Summary Judgment on December 19, 2022, per the deadlines set forth in the Scheduling Order, would be a violation of this Court's December 1, 2022, Standing Order and, therefore, seeks clarification.

## ARGUMENT

1.      This case was commenced on February 16, 2021, by the filing of a Complaint. [ECF 1]. A Scheduling Order was issued on June 3, 2021. [ECF 19]. Following multiple requests to modify the Scheduling Order, the dispositive motion deadline is currently set for December 19, 2022. [ECF 48].

2.      This action was reassigned to this Court on July 6, 2021. [ECF 23]. In the Order reassigning the case, this Court stated: "***Unless otherwise ordered***, the dates and times for all previously scheduled matters will be maintained and will be handled by" this Court. [*Id.* (emphasis added)].

3.      On December 1, 2022, this Court issued a Standing Order regarding Motions for Summary Judgment which overruled the deadline for summary judgment in the Scheduling Order and Defendant believes the filing of a Motion for Summary Judgment on December 19, 2022, in contradiction to this Court's Standing Order, would violate this Court's clear Standing Order on the process for the filing of summary judgment. [*See* Standing Order Regarding Rule 56 Motions, attached hereto as **Exh. A**]. The Court has provided, on December 1, 2022, a very specific procedure for summary judgment motions and the filing of a Motion for Summary Judgment on December 19, 2022, would be a clear violation of those specific instructions. [*Id.*].

4.      Plaintiff disagrees with Defendant's position and believes an Order issued on December 1, 2022, somehow doesn't supersede an Order issued on June 3, 2022. [Compare ECF 48 with this Court's December 1, 2022, Standing Order]. This makes no

sense to Defendant as this Court has issued a clear and unambiguous Standing Order on December 1, 2022, as to how summary judgment motions are to be accomplished.

5. Pursuant to the Standing Order, a party contemplating filing a summary judgment motion is to contact the Court, via email, within ten (10) days after the close of discovery informing the Court of the party's intent to file a summary judgment motion. [**Exh. A**]. Following such contact, the Court will schedule a hearing to "discuss the material facts and to determine whether there are disputes of any material facts." [*Id.*]. The only exception to this Order is if a party is *pro se*, which no party to this action is unrepresented. [*Id.*]. All parties have retained counsel.

6. Discovery in the action will be complete with the taking of Defendant's 30(b)(6) deposition on January 5, 2023. [ECF 72]. Pursuant to this Court's December 1, 2022, Standing Order, Defendant will need to contact the Court, via email, of its intention to file a Motion for Summary Judgment on or before January 15, 2023, and a hearing will be set at some later point, again, pursuant to this Court's Standing Order. Filing a Motion for Summary Judgment on or before December 19, 2022, would clearly violate this Court's Standing Order of December 1, 2022.

7. As such, Defendant respectfully submits this Motion for Clarification to ensure it does not violate this Court's Standing Order of December 1, 2022.

WHEREFORE, Defendant Denver respectfully requests this Court to issue an Order clarifying whether its Standing Order of December 1, 2022, controls the summary judgment deadline of this action, and for such other relief as the Court may deem just and appropriate.

3

Dated this 14th day of December, 2022.

                    Respectfully submitted,

                    *s/ Mark S. Ratner*
                    Andrew D. Ringel, Esq.
                    Mark S. Ratner, Esq.
                    Hall & Evans, L.L.C.
                    1001 17th Street, Suite 300
                    Denver, CO 80202
                    Telephone:   (303) 628-3300
                    Facsimile:    (303) 628-3368
                    Email: ringela@hallevans.com
                          ratnerm@hallevans.com

                    **ATTORNEYS FOR DEFENDANT**
                    **THE CITY AND COUNTY OF DENVER**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of December 2022 a true and correct copy of the foregoing **DEFENDANT CITY AND COUNTY OF DENVER'S MOTION FOR CLARIFCATION** was filed by CM/ECF and was served on the following parties as specified:

Matthew J. Cron, Esq.
mc@rmlawyers.com

Siddhartha H. Rathod, Esq
sr@rmlawyers.com

Felipe S. Bohnet-Gomez, Esq.
fbg@rmlawyers.com

Ciara M. Anderson, Esq.
cm@rmlawyers.com


s/ Sarah Stefanick
Legal Assistant
Hall & Evans, L.L.C.